# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **FLUID CONTROL PRODUCTS, INC.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | |
| ) | **Case No. 11-2091-JAR** |
| **AEROMOTIVE, INC.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

## MEMORANDUM AND ORDER

This case was recently transferred from the Eastern District of Missouri. Plaintiff Fluid Control Products, Inc. alleges false advertising under the Lanham Act, 15 U.S.C. § 1125(a), *et seq.* and false patent marketing under 35 U.S.C. § 292 *et seq.* associated with the sale of defendant Aeromotive, Inc.'s ("Aeromotive") Eliminator and Pro Series fuel pumps. Aeromotive filed a counterclaim against Fluid Control for false advertising. Subsequent to the case's transfer, Aeromotive filed an Amended Answer asserting that 35 U.S.C. § 292 is unconstitutional under the Take Care Clause of the United States Constitution.[1]

Before the Court is defendant Aeromotive's Uncontested Motion to Stay, or in the Alternative, to Dismiss this Matter Without Prejudice (Doc. 67). Defendant asks this Court to exercise its discretion and stay the case pending the enactment of pending legislation that may preclude the parties' claims in this case. Defendant attaches to its motion a copy of H.R. 4954, a House Bill that seeks to amend 35 U.S.C. § 292, which was introduced on March 25, 2010. The

---
[1] U.S. Const. Art. II, § 3.

parties do not provide the Court with any information about the current status of this bill.

It is within the discretion of the Court whether to grant a motion to stay.[2] "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[3] The movant bears the burden of showing a need for a stay.[4]

Here, the Court is not persuaded that a stay is warranted. While it appears clear that enactment of the pending legislation may preclude the *qui tam* claims in this matter, this bill was introduced over one year ago and referred to the Judiciary Committee. Without some evidence that enactment of this legislation is imminent, it is not in the interests of judicial economy and efficiency to stay this case rather than dismiss it without prejudice.[5]

**IT IS THEREFORE ORDERED BY THE COURT** that defendant Aeromotive's Uncontested Motion to Stay, or in the Alternative, to Dismiss this Matter Without Prejudice (Doc. 67) is **granted in part and denied in part**. The motion to stay is **denied**. This case is hereby **dismissed without prejudice**.

Dated: April 18, 2011

                                                       S/ Julie A. Robinson
                                                       JULIE A. ROBINSON
                                                       UNITED STATES DISTRICT JUDGE

---

[2] *Reed v. Bennett*, 312 F.3d 1190, 1193 n.2 (10th Cir. 2002).

[3] *Air Line Pilots Ass'n v. Miller*, 523 U.S. 866, 879 (1998).

[4] *See, e.g.*, *Sieverding v. Worldwest L.L.C.*, No. 05-2510, 2006 WL 897636, at *1 (D. Kan. Apr. 6, 2006).

[5] *Accord San Francisco Tech., Inc. v. Dial Corp.*, No. 10-4986-JF/PSG, 2011 WL 941152, at *4 (N.D. Cal. Mar. 17, 2011) (denying motion to stay similar case due to "unpredictability of the legislative process").